UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

MIAMI-DIVISION

RAUL PESTANA, Plaintiff,

vs.

MIAMI-DADE COUNTY BOARD OF COMMISSIONERS, JOHN and

JANE DOE (S), unknown employees of both the Medical

Department and Detention Facility, Defendant[s]

Case No.:

**FILED by KP D.C.**

**DEC 28 2016**

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

16-cv-25350-JAL

## COMPLAINT

Plaintiff, RAUL PESTANA, hereby sues jointly and severally Defendants' MIAMI-DADE COMMISSION'S BOARD OF COMMISSIONERS (hereinafter "COMMISSIONERS"), JOHN and JANE DOE'S.

### *JURISDICTION*

1. This is an action for damages arising out of one or more violations of State and Federal law detailed below.

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution and, the laws of the State of Florida.

3. The jurisdiction of this Court is predicated on 28 U.S.C. §§1331, §1334, and 42 U.S.C. §§1983, §1988 and constitutional provisions mentioned above, and under Florida tort law.

4. As alleged herein the federal violations were committed as a result of the deliberate indifference of all the Defendants.

5. The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court in and for the Southern District of Florida. In connection with the acts, practices and violations alleged herein, each Defendant, directly or indirectly, violated the constitutional rights of the Plaintiff PESTANA.

6. All conditions precedent to the maintenance of this action, have been satisfied.

7. The Plaintiff seeks an award of damages for permanent physical, mental and emotional injuries, loss of earning capacity, loss of enjoyment of life, court costs and attorney fees.

1

## PARTIES

8. Plaintiff RAUL PESTANA (hereinafter "PESTANA"), at all times material hereto, was a resident of Miami-Dade COMMISSION's.

9. Defendant COMMISSIONER's is the legislative and governing body of Miami–Dade COMMISSION's. Defendant COMMISSIONER's had the powers and duties to, among other things, carry on COMMISSION's government business, make investigations of COMMISSION's affairs and perform acts, which are in the common interest of the people of Miami-Dade COMMISSION's.

10. Pursuant to Florida law, at all times material hereto, Defendant COMMISSIONER's were charged with the duty of maintaining, staffing, and supervising all correctional activities in Miami-Dade COMMISSION's and had ultimate authority over correctional activities. Said Defendant is responsible for the conduct of the corrections officers in the employ of the Department of Corrections and ensuring that the Department's corrections officers, employees, servants and agents obey the laws of the state of Florida and the United States.

11. Pursuant to Florida law, Defendant COMMISSIONER's were at all times material hereto charged with the duty of maintaining, staffing, and supervising all correctional activities in Miami-Dade COMMISSION's and, in doing so, at the time of the incidents complained of herein, appointed JOHN or JANE DOE's as its Director of the Department of Corrections, and delegated those duties to him/her.

12. Defendants are a political subdivision of Miami-Dade COMMISSION's, a Florida municipal corporation, which has ultimate authority over Corrections Health Services (hereinafter "CHS") a department within JOHN or JANE DOE's control, which provides health services to all inmates incarcerated in the Miami-Dade COMMISSION's jail system pursuant to Miami-Dade COMMISSION's Code of Ordinances.

13. At all times material hereto, and in all their acts described herein, Defendants were acting under color of state law and color of their authority as public officials and public employees of the State of Florida.

14. Defendants COMMISSION's, JOHN and JANE DOE's violated Plaintiff PESTANA's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations were committed as a result of the deliberate indifference, and polices and customs of the Defendants.

15. The wrongful actions of the Defendants constitute a wanton and reckless disregard for Plaintiff PESTANA's mental and medical health.

2

## COUNT I

### *42 U.S.C. § 1983 CLAIM AGAINST DEFENDANTS MIAMI DADE COMMISSION'S AND JOHN AND JANE DOE'S VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS BY FAILURE TO PROVIDE NEEDED MEDICAL CARE TO THE PLAINTIFF PESTANA WITH KNOWN, SERIOUS MEDICAL CONDITIONS*

16. Plaintiff PESTANA re-alleges and incorporates paragraphs 1-15.

17. The Miami-Dade COMMISSION's jail system has five different facilities which house pre-trial detainees, inmates serving sentences of less than one year, or convicted prisoners with pending post-conviction hearings. One of these facilities, the Main Jail (hereinafter "Main Jail" is the subject of this litigation.

18. Defendants COMMISSION's, JOHN and JANE DOES' and CHS were on notice that the Miami-Dade COMMISSION's jail facilities in general, and more particularly the Main Jail, were overcrowded and failed to properly treat the special needs of inmates, such as inmates with mental and medical conditions as evidence by numerous incidents involving Plaintiff PESTANA that were documented through the inmate complaint bureau and inmate grievance process.

19. At all times material to this action, the Main Jail was inadequately staffed with medical professionals, including doctors and nurses.

20. Prior to Plaintiff PESTANA being incarcerated at the Main Jail, 1321 NW. 13th Street, Miami, Fl. 33125 from August 24th 2012 until June of 2013, he was a disabled veteran with 100% disability benefits.

21. Upon his incarceration, Plaintiff PESTANA informed Defendants' JOHN and JANE DOE's and CHS that he been diagnosed with Bi-polar; Post Traumatic Distress Disorder (PTSD); Anxiety and Severe Insomnia and, was required to take psychotropic medication such as Clonazepam and/or Alprazolam to control his mental conditions, Plaintiff PESTANA also informed Defendants' JOHN and JANE DOES' that he suffered from Bronchitis; Asthma; lung deficiency; Cervical Spondylitis; Lower Back Pain/herniated bulging disk; Torn Ligaments in Both Knee's/Patella Chrondomalacia; High Blood Pressure; Hemorrhoids: Ear Tinnitus and Eye Infection.

22. Plaintiff PESTANA, was evaluated by Defendants' JOHN and JANE DOE's and CHS prescribed different types of medication that were not prescribed to him, before his incarceration, on or about August 24th 2013 at the Main Jail.

23. Said medication prescribed by Defendants JOHN and JANE DOE's and CHS often made Plaintiff PESTANA, nausea, which cause him further anxiety attacks, when Plaintiff PESTANA complained to Defendants' JOHN and JANE DOE's and CHS that the medication prescribed by their doctors was not effective, Defendants' became offensive and stated that their doctors were professionals and knew what medication Plaintiff PESTANA needed.

24. Plaintiff PESTANA filed multiple medical request and grievances with Defendants' COMMISSION's, JOHN and JANE DOE's and CHS in an attempt to receive the proper medical treatment that he needed such as Clonazepam and/or Alprazolam that was prescribed to him before his incarceration, for anxiety, consequently Plaintiff PESTANA was met with hostility and unanswered requests and grievances. And never given his prescribed Clonazepam and/or Alprazolam that was desperately needed for his anxiety based on cost and budget cuts.

25. Plaintiff PESTANA filed a 'Motion for Mitigation of Sentence' based on the fact that he was not receiving his Clonazepam and/or Alprazolam and other needed medications for his mental and medical conditions, and that his health was deteriorating due to the Defendants JOHN and JANE DOE's and CHS failure to properly medicate him, which the Circuit Court ultimately denied.

26. Plaintiff PESTANA filed numerous 'Motion's for Furlough' because of his scheduled appointments to the Veterans Administration Medical Center (hereinafter VA hospital). The Circuit Court *granted* these 'Motion for furlough' to the VA hospital.

27. Defendants COMMISSION's, JOHN and JANE DOE's and CHS made no efforts to arrange an escort or transport Plaintiff PESTANA to the VA hospital, but instead allowed him to leave the Main Jail, unescorted and walk to the VA's hospital.

28. Doctors at the VA hospital treated Plaintiffs PESTANA's left eye with needed injections in the retina every 5 weeks to prevent permanent blindness due to artery occlusion, secondary to the injection his eye would get infected and he needed to follow-up with *sterile eye drops and inflammatory (Ibuprofen)* also used for pain, Defendants' COMMISSION's, JOHN and JANE DOE's, medical staff and officers were deliberately indifferent to Plaintiff PESTANA's needed medication.

29. Each time Plaintiff PESTANA returned to the Main Jail on his-own accord. He was met with hostility from Defendants' COMMISSION's, JOHN and JANE DOE's, medical staff and correctional officers, who would search him for contraband before he entered the Main Jail. Consequently the vacuum packed medications such as (sterile eye drops and ibuprofen) were confiscated and told they were not allowed in the facility. The correctional officers that searched him stated that medical staff

4

would dispense the confiscated medication once their doctors approved said medication, this never materialized.

30. As a result of Defendants' COMMISSION's, JOHN and JANE DOE's medical staff's deliberate indifference to Plaintiff PESTANA's eye infection, he suffered and continues to suffer, due to Defendants COMMISSION's, JOHN and JANE DOE's, medical staff's refusal to provide Plaintiff PESTANA's with his needed medication, in direct violation of his Constitutional rights to be free from cruel and unusual punishment. See *Estelle v. Gamble*, 97 S.Ct.285 (1976).

31. Plaintiff PESTANA was repeatedly forced to *live under horrific conditions*; a.) Extremely cold temperatures; b.) Sleeping on the ***floor*** with a thin mattress 'one sheet' a 'wool blanket' that he was allergic too, which irritated his eyes and exacerbated his bronchitis, causing shortness of breath and increased anxiety; c.) The Filth, Insects and Rodents were another factor that caused him further suffering; d.) Medical Care was regularly promised but never materialized without a court order; e.) Medication was/is a sometime thing; f.) Defendants' COMMISSION's, JOHN and JANE DOE's medical staff regularly did not have proper doses of medication and, then brought the medication at their own leisure or convenience; g.) Was denied an opportunity use the yard facility due to Plaintiff PESTANA's physical impediments and inability to descend the Main Jail stairs; h.) The lack of exercise has resulted in serious complication to his knee's, kidney's and liver; i.) He was awakened unexpectedly and forced to stand in a hallway, for long periods of time due to the inmate count procedures resulting in more damage to his knee's, and lower back. In direct violation of Plaintiff PESTANA's Constitutional rights to be free from cruel and unusual punishment. See *Bell v. Wolfish*, 99 S.Ct.1861 (1979)

32. Defendants COMMISSION's, JOHN and JANE DOE's and CHS were on notice of the problems and conditions existing in the Miami-Dade Jail System regarding the inconsistent and spotty delivery of medication to pretrial detainees, as well as significant adverse impact such as; a system wreaks to Plaintiff PESTANA and, those similar situated with serious medical problems. As discussed above multiple complaints and grievances were submitted to Defendants COMMISSION's, JOHN and JANE DOE's and CHS to alert them to the serious medical problems with the medical care in the Main Jail.

33. Defendants COMMISSION's, JOHN and JANE DOE's CHS have maintained a "system of review" of the medical treatment of ill pretrial detainees and complaints thereof, which has failed to identify the improper treatment by the nurses and doctors, and failed to subject nurses and doctors who improperly treat ill pretrial detainees to appropriate discipline, supervision, dismissal and/or retraining, to the extent that it

has become the de-facto policy and custom of said Defendants to tolerate the improper treatment of injured and/or ill pretrial detainees at the Main Jail.

34. Defendants' COMMISSION's, JOHN and JANE DOE's and CHS individually, knew or should have known of reports demonstrating the frequent failure of both corrections and medical staff to administer medication to Plaintiff PESTANA and those similar situated as prescribed.

35. Federal and state law, as well as accepted correction practices at the time of the incidents, provided 'fair warning' to Defendants COMMISSION's, JOHN and JANE DOE's and CHS that their conduct was improper, incompetent, illegal and in violation of Plaintiff PESTANA's constitutional and state rights.

36. Defendants' COMMISSION's, JOHN and JANE DOE's had a duty to ensure that CHS fulfill their duties and did not violate the constitutional rights of persons such as the Plaintiff PESTANA. Said Defendants' abdicated its policymaking and oversight responsibilities to the Department of Correction and CHS, before and after Plaintiff PESTANA's incarceration, thereby allowing the incidents involving the Plaintiff PESTANA to occur.

37. Defendants' COMMISSION's, JOHN and JANE DOE's and CHS had a duty to train, supervise, control or otherwise ensure that the doctors and nurses under its control did not violate the constitutional rights of person such as Plaintiff PESTANA.

38. All Defendants' were on notice of the unconstitutional conditions in the Main Jail and each of them failed to rectify these conditions.

39. The above acts and omissions of all Defendants' and each of them, constitute a course of conduct and failure to act amounting to deliberate indifference to the rights, health, safety and welfare of Plaintiff PESTANA and those similar situated, resulting in the deprivation of his constitutional rights under state and federal law.

40. The acts and omissions of the Defendants' as set forth above, violated clearly established and well settled federal constitutional rights of Plaintiff PESTANA i.e., cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

41. At all times material hereto, Defendants COMMISSION's, JOHN and JANE DOE's and CHS were responsible for adopting implementing the rules and regulations in regard to their obligation to provide constitutional acceptable levels of health and assessment services for inmates within the Miami-Dade COMMISSION's Jail System.

42. Said Defendants' failed to comply with these obligations, as its employees breached their duties and failed to properly screen, assess and treat Plaintiff PESTANA, causing substantial risk of harm to him.

43. Defendants' COMMISSION's, JOHN and JANE DOE's and CHS through its doctors, nurses and medical personnel demonstrate deliberate indifference to the health and well being of inmates such as Plaintiff PESTANA by failing to institute constitutionally adequate system for treating the medical problems of pretrial detainees which resulted in the systematic denial of medical care to inmates with serious, known medical problems.

44. Defendants' COMMISSION's, JOHN and JANE DOE's and CHS demonstrated deliberate indifference, to the health and well being of inmates such as Plaintiff PESTANA, by failing to ensure that all incarcerated inmates received life saving medication in a consistent manner.

45. As a result of the inadequate policy put in place and the Defendants' deliberate indifference, Plaintiff PESTANA suffered severely from an entirely preventable incident where he suffered from a left eye infection.

46. Plaintiff PESTANA's inability to receive his required medication was a direct and proximate result of Defendants' COMMISSION's, JOHN and JANE DOE's and CHS decision to reduce the medication that was prescribed to Plaintiff PESTANA in a budgetary cost-cutting measure.

47. Defendants' COMMISSION's, JOHN and JANE DOE's and CHS acted in reckless disregard of both constitutional prohibitions and guarantees under color of state law, thereby misusing the power possessed by virtue of state law and made possible only because said Defendants' were clothed with the authority of state law.

48. Plaintiff PESTANA was a victim of the above-mentioned illegal treatment of pretrial detainees and said illegal treatment was the direct result of the previously described acts, omissions, policies or customs of said Defendants.

49. The deliberate indifference of these Defendants' violated the constitutional rights of Plaintiff PESTANA for which 42 U.S.C. § 1983 provides a remedy.

50. As a direct and proximate result of Defendants' COMMISSION's, JOHN and JANE DOE's and CHS conduct Plaintiff PESTANA suffered severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life.

WHEREFORE, Plaintiff RAUL PESTANA demands compensatory damages against Defendants' COMMISSION's, JOHN and JANE DOE's and CHS plus attorney fees, costs and trial by jury for all issues so triable by right.

## COUNT II

### *LIABILITY AGAINST DEFNDANTS' COMMISSION'S, JOHN AND JANE DOE's AND CHS FOR THEIR ACTS OF DELIBERATE INDIFFERENCE*

51. Plaintiff PESTANA re-alleges and incorporates paragraphs 1-15.

52. At all times material hereto, individuals employed in the Miami-Dade jail facilities acted within the scope of their employment with Defendants.

53. At all times material hereto, Defendants, by and through his/her agents, deputies and/or employees, had a duty to dispense ordered medication to inmates under its care, custody and control who were housed in the Miami-Dade jail facilities.

54. At all times material hereto, Defendants, by and through his/her agents, deputies and/or employees breached the duty to protect by failing to deliver the medication prescribed to Plaintiff PESTANA, resulting in serious injuries to his mental and physical health.

55. At all times material hereto, Defendants, by and through his/her agents, deputies and/or employees breached the duty to protect by not delivering the prescribed medication to Plaintiff PESTANA and allow Plaintiff PESTANA to receive his medically ordered medication.

56. As a direct and proximate result of the inadequacy of the agents, employees and/or officers of Defendants' COMMISSION's, JOHN and JANE DOE's and CHS, Plaintiff PESTANA sustained injuries, for which Defendants' COMMISSION's, JOHN and JANE DOE's and CHS are vicariously liable as a matter of law.

WHEREFORE, the Plaintiff RAUL PESTANA demands compensatory damages against Defendants' COMMISSION's, JOHN and JANE DOE's and CHS, for costs, and trial by jury for all issues so triable by right.

## DEMAND FOR JURY TRIAL

Plaintiff PESTANA demands jury trial on all issues so triable.

8

Respectfully Submitted

Raul Pestana
574 N.W. 74th Avenue
Miami, Fl. 33126
Raul_vilar@yahoo.com

Prepared by  ROBERT PERI, a *pro se' litigant*